UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENA LANE VANLENGEN,<br>　　　　Plaintiff,<br>　　v.<br>COMMISSIONER OF SOCIAL SECURITY,<br>　　　　Defendant. | Case No. 18-cv-00566-JCS<br><br>**ORDER GRANTING MOTIONS FOR ATTORNEYS' FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT AND SECTION 406(B)(1) OF THE SOCIAL SECURITY ACT**<br><br>Re: Dkt. Nos. 29, 31 |

## I.　INTRODUCTION

Plaintiff Rena VanLengen brought this action seeking review of the final decision of Defendant Andrew M. Saul, Commissioner of the Social Security Administration (the "Commissioner") denying her applications for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act. In its July 3, 2019 Order, the Court reversed the decision of the Commissioner and remanded for award of benefits. Plaintiff now brings two fee motions, seeking an award of attorneys' fees under the Equal Access to Justice Act ("the EAJA Motion") and under 42 U.S.C. § 406(b) of the Social Security Act ("the 406(b) Motion"). The Commissioner has not opposed the EAJA Motion; in its response to the 406(b) Motion it states that it does not object to Plaintiff's request for fees under Section 406(b) so long as these fees are offset by any fees awarded under the EAJA. For the reasons stated below, the Court GRANTS both motions.[1]

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

## II. ANALYSIS

### A. Legal Standards

The scheme established by Congress for attorney fee awards in cases involving social security claims is described by the Supreme Court as follows:

> Fees for representation of individuals claiming Social Security old-age, survivor, or disability benefits, both at the administrative level and in court, are governed by prescriptions Congress originated in 1965. Social Security Amendments of 1965, 79 Stat. 403, as amended, 42 U.S.C. § 406. . . . The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court. *See also* 20 CFR § 404.1728(a) (2001).

*Gisbrecht v. Barnhart*, 535 U.S. 789, 793–94 (2002). 42 U.S.C. § 406(b) provides, in relevant part, that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits." 42 U.S.C. § 406(b).

In addition to the fees permitted under § 406(b), the EAJA, enacted in 1980, allows a party who prevails against the United States in court, including a successful Social Security benefits claimant, to receive an award of fees payable by the United States if the Government's position in the litigation was not "substantially justified." *Gisbrecht*, 535 U.S. at 796 (citing 28 U.S.C. § 2412(d)(1)(A)). The burden of proving the substantial justification exception to the mandatory award of fees under the EAJA lies with the government. *Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir. 1991). In contrast to fees awarded under § 406(b), EAJA fees are based on the "time expended" and the attorney's "[hourly] rate." 28 U.S.C. § 2412(d)(1)(B). In *Gisbrecht*, the Supreme Court explained that "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796 (quoting Act

2

of Aug. 5, 1985, Pub. L. No. 99–80, § 3, 99 Stat. 186 (1985)). Accordingly, "an EAJA award offsets an award under [42 U.S.C. § 406(b)]," increasing "up to the point the claimant receives 100 percent of the past-due benefits." *Id.*

### B. The EAJA Motion

In the EAJA Motion, Plaintiff requests $6,686.82 in attorney fees, arguing that she is the prevailing party and that the Commissioner's position was not substantially justified. As the Court reversed the decision of the Commissioner and remanded for award of benefits, Plaintiff is clearly the prevailing party. Further, the Commissioner did not oppose the motion and therefore has not established that attorneys' fees should be denied under the EAJA because its position was substantially justified. Finally, the Court has reviewed the time sheets provided by Plaintiff's counsel and finds that the amount requested is reasonable. Accordingly, the Court GRANTS the EAJA Motion and awards fees in the amount of $6,686.82. The Court further ORDERS that the EAJA fees awarded herein – subject to any offset that the Department of the Treasury determines is appropriate under its Offset Program – shall be made payable to Olinsky Law Group. As discussed below, the Court also awards fees under § 406(b) of the Social Security Act. Therefore, any payment of EAJA fees received by Plaintiff's counsel shall immediately be remitted to his client, Ms. Vanlengen.

### C. The 406(b) Motion

In the 406(b) Motion, Plaintiff requests $10,144.58 in attorneys' fees, which represents 25% of Plaintiffs past due benefits. Plaintiff has supplied a copy of the retainer agreement reflecting that Ms. Vanlengen agreed to pay contingent fees in the amount of 25% of any back award she received in this action, as well as evidence establishing that this amount represents 25% of the back award. Accordingly, the Court GRANTS the 406(b) Motion and awards $10,144.58 in fees, which shall be payable to the Olinsky Law Group.

### III. CONCLUSION

For the reasons stated above, the Motions are GRANTED.

**IT IS SO ORDERED.**

Dated: November 8, 2019

_____
JOSEPH C. SPERO
Chief Magistrate Judge